# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

|  |  |  |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCI-<br>ATION, NOT IN ITS INDIVIDUAL<br>CAPACITY BUT SOLEY AS TRUSTEE<br>FOR FIDELITY & GUARANTY LIFE<br>MORTGAGE TRUST 2018-1,<br>　　　　Plaintiff, | )<br>)<br>)<br>)<br>)<br>)<br>) | **NOTICE OF REMOVAL**<br>*(Diversity – 28 U.S.C. 1332)* |
| Vs. | )<br>) |  |
| 668 NW 116ᵀᴴ TER MIAMI, LLC &<br>PHARA M. RAYMOND, *et. al.*<br>　　　Defendant. | )<br>)<br>) |  |

FILED BY ___ MCO ___ D.C.

FEB 18 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

### NOTICE OF REMOVAL
Removed from:
11ᵗʰ Judicial Circuit Court, in and for Miami-Dade County, Florida
**Case No. 2023-003633-CA-01**

TO: Clerk of the U.S. District Court for the Southern District of Florida:

**PLEASE TAKE NOTICE THAT** 668 NW 116ᵀᴴ TER MIAMI, LLC ("Defendant" or

"668 LLC") hereby removes to this Court the state proceeding described herein, pursuant to 28

U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d). A copy of this Notice of

Removal is being served on all parties at the addresses listed in Plaintiff's state court motion and

is being filed and served in the 11ᵗʰ Judicial Circuit Court, in and for Miami-Dade County,

Florida (the "state court").

### INTRODUCTION

1. On or about September 18, 2023, Plaintiff U.S. Bank Trust National Association, Not in

   Its Individual Capacity But Solely as Trustee for Fidelity & Guaranty Life Mortgage

   Trust 2018-1 ("Plaintiff" or "U.S. BANK") filed a Verified Amended Complaint for

Foreclosure and Breach of Guaranty in the state court. A copy of U.S. BANK's September 18, 2023 state court complaint is attached hereto as Exhibit A.

2. On April 30, 2024, U.S. BANK filed a Motion for Summary Final Judgment in Foreclosure, Breach of Guaranty and Mortgage Cancellation with Assessment of Attorney's Fees and Costs (the "MSJ") in the state court and schedule the MSJ for a February 18, 2026 hearing on its motion. Copies of U.S. BANK's April 30, 2024 state court motion for summary judgment and its July 2, 2025 notice of a February 18, 2026 hearing, are attached hereto as Exhibits B and C.

3. Because, among other reasons, U.S. BANK refused to assist the Defendant with loss mitigation options to avoid a foreclosure judgment of the residential home subject to U.S. BANK's state court MSJ, 668 LLC hereby removes U.S. BANK's April 30, 2024 state court motion to this Court.

4. The State court controversy concerns a mortgage foreclosure complaint in which U.S. BANK is alleging 668 LLC "owes" it [plaintiff] $165,000.00…." See ¶ 4 of U.S. BANK's state court complaint attached hereto as Exhibit A.

**BASIS FOR REMOVAL**

> *Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).*

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Exhibit A, ¶ 4. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

> *There is Complete Diversity of Citizenship Among the Parties.*

6. Plaintiff U.S. BANK is a citizen of the State of Minnesota.

7. Defendant, 668 LLC is a citizen of Florida.

8. Hence, there is complete diversity between the Plaintiff and the Defendant in this case, and therefore this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### *The Amount in Controversy Requirement is Satisfied.*

9. To determine the amount in controversy, courts look first at the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." It is well settled that there is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold.."

10. Here, the amount in controversy meets the jurisdictional requirements, as Plaintiff is seeking to foreclose on 668 LLC's property and is seeking to recover at least $165,000 in principle, interest, and fees. See Exhibit A, ¶ 4. Thus, it is apparent from the face of the State court Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

### **Argument**

11. U.S. BANK and/or it Mortgage Servicing Agent (collectively, "U.S. Bank") violated 12 CFR 1024.41(g)) by moving for foreclosure judgment, and did so, prior to making a decision on 668 LLC' and/or other Defendants' loss mitigation efforts and prior to

sending 668 LLC a notice pursuant to 12 CFR 1024.41(h) and an opportunity to appeal U.S. BANK's loss mitigation denial decision, if any.

12. By filing the April 30, 2024 MSJ, and scheduling that MSJ for a hearing, U.S. BANK has clearly violated § 1024.41(g). See Mortgage Servicing Rules under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10,696, 10,821 (Feb. 14, 2013); also see *Ho v. U.S. Bank, N.A.*, (unpublished); Case number 15-cv-81522-KAM (11th Cir. 2018).

**WHEREFORE**, Defendant 668 LLC respectfully gives notice that the above-captioned civil action pending in the 11th Judicial Circuit Court, in and for Miami-Dade County, Florida is hereby removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Respectfully Submitted,


668 NW 116TH TER MIAMI, LLC
Pierre Richard Raymond, Owner
668 NW 116th Terrace
Miami, Florida 33168

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by via U.S. mail and/or Florida E-filing system to Plaintiff's attorney, MICHELE R. CLANCY, at Michele.clancy@gmlaw.com on this 18th day of February, 2026.


668 NW 116TH TER MIAMI, LLC
Pierre Richard Raymond, Owner

Filing # 182063998 E-Filed 09/18/2023 04:22:29 PM



IN THE CIRCUIT COURT OF
THE 11TH JUDICIAL
CIRCUIT IN AND FOR
MIAMI-DADE COUNTY,
FLORIDA
CIVIL ACTION

Case No. 2023-003633-CA-01

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE FOR
FIDELITY & GUARANTY LIFE MORTGAGE
TRUST 2018-1,
               Plaintiff,
vs.
668 NW 116TH TER MIAMI, LLC; PHARA M.
RAYMOND, AS PERSONAL GUARANTOR; NUVIEW
IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR
ACCOUNT #1613593; UNKNOWN SPOUSE OF
MARJORIE LAFOREST; UNKNOWN TENANT #1;
UNKNOWN TENANT #2
               Defendants.
_____/

## VERIFIED AMENDED COMPLAINT FOR FORECLOSURE
## AND BREACH OF GUARANTY

Plaintiff, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR FIDELITY & GUARANTY

LIFE MORTGAGE TRUST 2018-1 ("Plaintiff"), by and through its undersigned attorneys,

brings this Complaint against Defendants named in the above-styled action, and for its cause of

action alleges and states the following:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     668 NW 116TH TER MIAMI, LLC ("Borrower") is a Florida limited liability company

with its principal place of business in Miami-Dade County, Florida.

Firm File # 65834.0085

2.      PHARA M. RAYMOND, AS PERSONAL GUARANTOR ("Guarantor") is a resident and domiciliary of Miami-Dade County, Florida.

3.      Venue is proper in Miami-Dade County, Florida, where the mortgaged property that is the subject of the foreclosure action is located.

4.      In January 21, 2020, ALC LENDING, LLC ("Original Lender") made a secured mortgage loan (the "Loan") to Borrower, and to evidence that Loan, Borrower executed and delivered to Original Lender, a Note in the original principal amount of $165,000.00 (the "Note"). True and correct copies of the Note are annexed as **Exhibit A**.

5.      Concurrently with the execution of, and as security for payment of, the Note, Borrower, then the owner and in possession of the subject real property and improvements, executed and delivered to Original Lender a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of January 21, 2020 and filed for record on February 10, 2020 in O.R. Book 31812, Page 3877 of the Public Records of Miami-Dade County, Florida (the "Mortgage"). A true and correct copy of the recorded Mortgage is annexed as **Exhibit B**.

6.      The Mortgage encumbered certain investment residential real property and related personal property located in Miami-Dade County, Florida, as more particularly described in the Mortgage, then owned by and in possession of the Borrower (the "Property").

7.      Following execution of the Note and Mortgage, Original Lender transferred and assigned the Note and Mortgage and other related Loan documents (together, the "Loan Documents") to PS FUNDING, INC. (the "Interim Lender") by endorsing the Note and executing an Assignment of Mortgage dated as of January 21, 2020, which was filed for record on February 18, 2020 in O.R. Book 31819, Page 3964 of the Public Records of Miami-Dade County, Florida (the

"Assignment to Interim Lender"). A true and correct copy of the Allonge to Interim Lender is included with the Note and annexed as Exhibit A and a true and correct copy of the recorded Assignment to Interim Lender is annexed as **Exhibit C.**

8.      Thereafter, Interim Lender transferred and assigned the Loan Documents, including the Note and Mortgage, to Plaintiff by endorsing the Note to blank and executing an Assignment of Mortgage dated as of October 31, 2022, which was filed for record on November 4, 2022 in O.R. Book 33454 at Page 2991 of the Public Records of MIAMI-DADE County, Florida (the "Assignment to Plaintiff"). A true and correct copy of the Allonge to Blank is included with the Note and annexed as Exhibit A and a true and correct copy of the recorded Assignment to Plaintiff is annexed as **Exhibit D**.

<div align="center">

**COUNT I — FORECLOSURE**

</div>

9.      This is an action to foreclose a mortgage and security interest on real and personal property located in Miami-Dade County, Florida.

10.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 8 above as if set forth fully in this Count I.

11.     Plaintiff is the owner and holder of, and the sole party entitled to enforce and to the benefit of, the Loan Documents, including the Note and Mortgage, and Plaintiff has possession of the original Note and did before it filed this action.

12.     The Mortgage is superior in dignity to any prior or subsequent right, claim, lien or interest of the Defendants named herein or any person claiming by, through or under said Defendants since the institution of this suit.

13.     688 NW 116TH TER MIAMI, LLC is/are the current owner(s) of the real property which is the subject of the Mortgage.

14.     Plaintiff has and hereby declares the full amount payable under the Note and Mortgage to be due and payable, together with any sums advanced and paid to protect its security for ad valorem taxes, premiums on insurance required by the Mortgage and other necessary costs required to be advanced during the pendency of this action. Any such sum so paid will be due and owing the Plaintiff and are recoverable under the terms of the Note and Mortgage.

15.     Contrary to the requirements of the Loan Documents, Borrower failed to pay the amounts owed, when due under the Note, or at any time thereafter.

16.     As a result of the failure to make payments when due under the Note, Borrower is in default under the Loan Documents and Plaintiff has declared all amounts to be immediately due and payable.

17.     The Borrower owes Plaintiff $165,000.00 that is due on principal on the Note and Mortgage, interest from April 1, 2022, plus amounts advanced or that may be advanced during the pendency of this action by Plaintiff in order to protect Plaintiff's interest in the Property, including the payment of ad valorem real estate taxes and insurance, together with interest thereon at the default rate set forth in the Note, accrued interest charges and late fees, interest accruing hereafter, title search charges, appraisal and environmental audit charges, and all costs of collection, including reasonable attorney's fees and costs incurred to ascertain necessary parties to this action.

18.     Borrower(s), as the maker(s) of the Note may be held personally liable for a deficiency, if any, unless Borrower(s) has/have been discharged in bankruptcy in which event no deficiency is or will be sought.

19.     All conditions precedent to the maintenance of this action have been performed, excused, waived or have otherwise occurred.

Firm File # 65834.0085

20.      Defendants, UNKNOWN TENANT #1 N/K/A RICHARD MUELLER, may claim or have some interest in or lien or claim upon the property by virtue of an unrecorded lease and/or their status as tenant in possession of the Property, but any such interest, lien or claim is subject, subordinate and inferior to the right, title, interest and lien of Plaintiff's mortgage herein sought to be foreclosed.

21.      Defendant UNKNOWN SPOUSE OF MARJORIE LAFOREST, may claim some interest in and to the subject property as a result of a having a potential interest in the property due to the lack of marital status, joinder of spouse, if any, and no non-homestead language on the Quit Claim Deed executed on November 19, 2012 and recorded on December 14, 2012 in Official Records Book 28399, Page 3179 of the Public Records of MIAMI-DADE County, Florida.  However, any right, title, interest or claim of said Defendant(s) in and to said property is subordinate in time and inferior in right to the rights, powers and privileges of the Plaintiff herein, and Plaintiff's Mortgage is superior in time and right to any and all rights, title and interest claimed by said Defendant(s). A true and correct copy of the recorded Quit Claim Deed is annexed as **Exhibit E**.

22.      Defendant HOUSE TUR INVESTMENTS, LLC, AS SERVICING AGENT FOR SGIA RESIDENTIAL BRIDGE LOAN VENTURE LP may claim some interest in and to the subject property as a result of a having an interest in the prior unreleased 2018 mortgage recorded in Official Records Book 31049, PAGE 3902, pursuant to an unrecorded assignment affidavit dated December 13, 2019. However, any right, title, interest or claim of said Defendant(s) in and to said property is subordinate in time and inferior in right to the rights, powers and privileges of the Plaintiff herein, and Plaintiff's Mortgage is superior in time and right to any and

all rights, title and interest claimed by said Defendant(s). A true and correct copy of the unrecorded assignment affidavit is annexed as **Exhibit F**.

23.     Plaintiff has retained undersigned counsel to bring forth this matter and is required to pay them a reasonable fee for their services.  Plaintiff is entitled to recover its attorneys' fees under the subject Note and Mortgage.

  **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment foreclosing the Mortgage, for costs (and when applicable, for attorney fees) against the defendants and, if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment. Furthermore, specifically stated as follows:

  (a)     assume jurisdiction of the subject matter and the parties in this action;

  (b)     adjudicate that the Mortgage is prior and superior to the right, title, interest or lien of any other party to this action or any party claiming by, through, under or against any party named herein or hereafter made a party;

  (c)     foreclose all interests that are inferior to the Mortgage;

  (d)     ascertain the amount of money due Plaintiff under the Loan Documents, including principal and accrued interest, all costs and expenditures made by Plaintiff to protect its security which is secured by the lien of the Mortgage, all costs of these proceedings, taxes, insurance, and title expenses and reasonable attorneys' fees;

  (e)     find that Plaintiff has a lien on the Property for the sum of money found to be due;

  (f)     if the sum due Plaintiff under the Loan Documents is not paid immediately, enter a Judgment of Foreclosure in favor of Plaintiff and against the Defendants in accordance with the rules and established practices of the Court directing the Clerk of the Court to sell the

Property to satisfy the mortgage lien of Plaintiff in accordance with the provisions of Florida Statutes Section 45.031;

(g)     retain jurisdiction in order to make any and all further orders and judgments as August be necessary and proper, including the issuance of one or more writs of possession and the entry of a deficiency decree, if any exists; and

(h)     grant such other and further relief as Plaintiff August be entitled to receive.

## COUNT II-GUARANTY ACTION

24.     This is an action against Guarantor for damages in excess of $165,000.00 not including interest, costs, and attorneys' fees, based upon breach of a written guaranty.

25.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 8 above as if set forth fully in this Count II.

26.     Concurrently with the execution of, and as a material consideration for, the Note, Guarantor executed and delivered a written Guaranty (the "Guaranty"), unconditionally and absolutely promising to pay to Original Lender, including Plaintiff as its successor and/or assignee, all obligations of Borrower, including, without limitation, the Note. A true and correct copy of the Guaranty is annexed as **Exhibit G**.

27.     As assignee of Original Lender, Plaintiff is the owner and holder of the Note and is entitled to the benefit of the Guaranty.

28.     Borrower defaulted under the Note by, among other things, failing to make the installment payment due May 1, 2022 and all monthly installment payments thereafter, and by failing to pay the Note in full following acceleration of the Note.

29.     Despite demand for payment, Guarantor has failed to pay the amounts due Plaintiff under the Note and Guaranty.

Firm File # 65834.0085

30.     Guarantor owes Plaintiff the principal amount of $165,000.00, plus accrued interest, default interest, late charges, advances, expenses, attorneys' fees and costs.

31.     All conditions precedent to the relief requested have occurred or been performed.

32.     Plaintiff has retained undersigned counsel to bring forth this matter and is required to pay them a reasonable fee for their services.  Plaintiff is entitled to recover its attorneys' fees under the subject guaranty.

        WHEREFORE, Plaintiff demands judgment against Defendant, PHARA M. RAYMOND, AS PERSONAL GUARANTOR, for damages, interest, court costs, and reasonable attorneys' fees, and such other relief as is appropriate.

### COUNT III-JUDICIAL CANCELATION OF MORTGAGE

33.     The Plaintiff re-alleges and re-affirms the allegations in paragraph 1 through 8 and incorporates same as though fully set forth herein.

34.     This is an action to judicially cancel a mortgage attaching to real property in MIAMI-DADE County, Florida.

35.     668 NW 116TH TER MIAMI, LLC executed and delivered that certain mortgage in favor of NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUNT #1613593, which mortgage was recorded on July 9, 2018 in Official Records Book 31049, Page 3902, Public Records of MIAMI-DADE County, Florida (the "Prior Mortgage"). A true and correct copy of Prior Mortgage is annexed as **Exhibit H.**

36.     In conjunction with the closing of the Mortgage which is the subject of this action, a portion of the closing statement attached hereto.

37.     Defendant NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUNT #1613593 has failed to timely execute and/or record a Satisfaction or Release of

Mortgage as required under Florida Statutes §701.04, and this Court is entitled to enter an Order

canceling the Prior Mortgage and to enter any further orders necessary and proper in

conformance therewith.

WHEREFORE, Plaintiff prays that this court enter an Order canceling the Prior

Mortgage due to its satisfaction in full.

## FLA. R. CIV. P. 1.115(e) VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein
are true and correct to the best of my knowledge and belief.

**NEWREZ LLC, F/K/A NEW PENN
FINANCIAL, LLC, D/B/A SHELLPOINT
MORTGAGE SERVICING AS SERVICER
FOR U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE FOR
FIDELITY & GUARANTY LIFE MORTGAGE
TRUST 2018-1**

By: _Sofia Pacheco_

Print Name: Sofia Pacheco

Title: Document Verification Specialist

Date: September 15, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was furnished by U.S. Mail/personal service to all parties
on ___September 18___, 2023.

ERIGENE BELONY, ESQ.
Attorney for Defendant 668 NW 116TH TER MIAMI, LLC
C/O PIERRE RICHARD RAYMOND
14 NORTHEAST FIRST AVENUE, SUITE 502
MIAMI, FL 33132
EBELONY@TBG-LAW.COM

Firm File # 65834.0085

ERIGENE BELONY, ESQ.
Attorney for Defendant PHARA M. RAYMOND, AS PERSONAL GUARANTOR
14 NORTHEAST FIRST AVENUE, SUITE 502
MIAMI, FL 33132
EBELONY@TBG-LAW.COM

NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUNT # 1613593
C/O GLEN MATHER REGISTERED AGENT
280 S RONALD REAGAN BLVD. SUITE 200
LONGWOOD, FL 32750

UNKNOWN SPOUSE OF MARJORIE LAFOREST
511 MAPLE ST #1
BROOKLYN, NY 11225

UNKNOWN SPOUSE OF MARJORIE LAFOREST
14720 NE 2ND COURT
MIAMI, FL 33161

UNKNOWN SPOUSE OF MARJORIE LAFOREST
3175 WESTERN BLVD #1
BALDWIN, NY 11510

UNKNOWN TENANT #1 N/K/A RICHARD MUELLER
668 NW 116TH TERRACE
MIAMI, FL 33168

Respectfully submitted,

GREENSPOON MARDER, LLP
TRADE CENTRE SOUTH, SUITE 700
100 WEST CYPRESS CREEK ROAD
FORT LAUDERDALE, FL 33309
Telephone:  (954) 343 6273
Hearing Line:  (888) 491-1120
Facsimile:  (954) 343 6982
Email 1: Michele.Clancy@gmlaw.com
Email 2: gmforeclosure@gmlaw.com

By:   /s/ Michele Clancy
Michele Clancy, Esq.
Florida Bar No. 498661

Firm File # 65834.0085

Filing # 197303746 E-Filed 04/30/2024 01:58:21 PM

*EX. B*

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE No. 2023-003633-CA-01

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY AS
TRUSTEE FOR FIDELITY & GUARANTY LIFE
MORTGAGE TRUST 2018-1,
     Plaintiff,

vs.

668 NW 116TH TER MIAMI, LLC, *et. al.*,
     Defendants.

_____

## MOTION FOR SUMMARY FINAL JUDGMENT IN FORECLOSURE, BREACH OF GUARANTY AND MORTGAGE CANCELLATION WITH ASSESSMENT OF ATTORNEY'S FEES AND COSTS

     COMES NOW Plaintiff, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR FIDELITY & GUARANTY LIFE

MORTGAGE TRUST 2018-1, by and through its undersigned counsel, and pursuant to Fla. R. Civ. P.

1.510, hereby moves for Summary Final Judgment in Foreclosure, Breach of Guaranty and Mortgage

Cancellation with Assessment of Attorney's Fees and Costs, and in support thereof states:

### STANDARD FOR SUMMARY JUDGMENT

     1.     Summary judgment is appropriate where the pleadings, depositions, answers to

interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P.

1.510(c). A party seeking summary judgment bears the burden of showing conclusively the absence of any

genuine issues of material fact. Id.

     2.     Once the moving party provides competent evidence to support the Motion, the non-moving

party has the burden of demonstrating counter-evidence sufficient to reveal a genuine issue. Landers v.

Milton, 370 So. 2d 368 (Fla. 1979). This burden must be satisfied by more than merely asserting that an

issue does exist, Harvey Building, Inc. v. Haley, 175 So. 2d 780 (Fla. 1965), or simply disputing the moving

party's version of the facts, Connolly v. Sebeco, 89 So. 2d 482 (Fla. 1956). The non-moving party must

present evidence that raises a genuine issue of material fact. If it is unable to do so, summary judgment must be granted. Id.

## UNDISPUTED FACTS AND ARGUMENT

3.     Plaintiff filed a Complaint to foreclose a mortgage, breach of guaranty and mortgage cancellation.

4.     Plaintiff is the owner and holder the subject Note and Mortgage.

5.     668 NW 116TH TER MIAMI, LLC ("Borrower") executed the subject Note and Mortgage.

6.     668 NW 116TH TER MIAMI, LLC is the current owner(s) of the real property which is the subject of the Mortgage.

7.     Concurrently with the execution of, and as a material consideration for, the Note, PHARA M. RAYMOND, AS PERSONAL GUARANTOR ("Guarantor") executed and delivered a written Guaranty (the "Guaranty"), unconditionally and absolutely promising to pay the Original Lender, including Plaintiff as its successor and/or assignee, all obligations of Borrower, including, without limitation, the Note.

8.     The covenants of the Note, Mortgage and Guaranty have been breached.

9.     Despite demand for payment, Guarantor has failed to pay the amounts due Plaintiff under the Note and Guaranty.

10.     668 NW 116TH TER MIAMI, LLC executed and delivered that certain mortgage in favor of NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUNT #1613593, which mortgage was recorded on July 9, 2018 in Official Records Book 31049, Page 3902, Public Records of MIAMI-DADE County, Florida (the "Prior Mortgage").

11.     The Prior Mortgage was paid off at the time the subject loan closed.

12.     Defendant NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUNT #1613593 has failed to timely execute and/or record a Satisfaction or Release of Mortgage as required under Florida Statutes §701.04, and this Court is entitled to enter an Order canceling the Prior Mortgage.

13.     Defendant NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUNT #1613593 has failed to respond to this action and a default on the operative amended complaint on March

21, 2024.

14.     Defendants, 668 NW 116TH TER MIAMI, LLC and PHARA M. RAYMOND, AS PERSONAL GUARANTOR, filed an answer and affirmative defenses.

15.     The remaining Defendants were each defaulted.

16.     Defendants, 668 NW 116TH TER MIAMI, LLC and PHARA M. RAYMOND, AS PERSONAL GUARANTOR, filed nine (9) affirmative defenses none of which are sufficient to prevent entry of summary judgment in favor of the Plaintiff. On or about April 16, 2024 Plaintiff filed a reply to the defenses addressing each one as pled.  Plaintiff incorporates that reply into this motion as to each of the defenses asserted.

17.     Upon default, the provisions of the note and mortgage at issue in this action confer upon Plaintiff the right to accelerate all sums due and the right to foreclose all interests in the encumbered property which are inferior to the lien of Plaintiff's mortgage.  Hubbard v. Highland Realty & Inv. Co. 156 So. 322 (Fla. 1934); Campbell v. Werner 232 So. 2d 252 (Fla. 3d DCA 1970).

18.     The provisions of the subject note, mortgage and/or guaranty also provide for an award of attorney's fees and costs to Plaintiff in the event of the filing of a foreclosure action.

19.     Plaintiff's mortgage was recorded prior to the recording of the instruments creating the liens in favor of the named Defendant(s) who claim an interest in the mortgaged property.  Therefore, any such interest which may be vested in the Defendant(s) is junior, inferior and subordinate to the lien of the mortgage.  Sarmiento v. Stockton, Whatley, Davin & Co., Inc. 399 So. 2d 1057 (Fla. 3d DCA 1984); U.S. v. First Federal Savings & Loan Ass'n. of St. Petersburg, 155 So. 2d 192 (Fla. 2d DCA 1963).

20.     The note is itself evidence of the existence of the debt and its introduction into evidence is sufficient to establish a *prima facie* case.  When it is regularly admitted into evidence, no additional evidence of the present existence of the debt is necessary upon the case of Plaintiff.  Knauer v. Levy, 115 So. 2d 776, 777 (Fla. 3d DCA 1959).

21.     Pursuant to Fla. R. Civ. P. 1.510 (C) in support of this Motion for Summary Judgment, Plaintiff inten following:

a.   All pleadings in this lawsuit, including Answers and Replies thereto;

b.   Affidavits in Support of Summary Judgment

c.   Affidavit Regarding Attorney's Fees;

d.   Affidavit of Reasonable Attorney's Fees;

e.   Affidavit of Costs;

f.   Original Note;

g.   Copy of the Mortgage;

h.   Assignment(s) of Mortgage;

i.   All discovery and responses filed by either party; and

j.   All orders previously entered in this matter.

22.   The record reflects that there are no genuine issues of material fact and that the Plaintiff is entitled to foreclose the mortgage, entry of a judgment against the Guarantor and cancellation of the Prior Mortgage as a matter of law.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Final Judgment of Mortgage Foreclosure, Breach of Guaranty and Cancellation of mortgage, award attorney's fees and costs, and grant such other relief as may be just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the __30_ day of __April_, 2024 to all parties on the below service list. Service was by email to all parties not exempt from Rule 2.516 Fla. R. Jud. Admin. at the indicated email address on the service list, and by U.S. mail to any other parties.

ERIGENE BELONY, ESQ.
Attorney for Defendant 668 NW 116TH TER MIAMI, LLC
C/O PIERRE RICHARD RAYMOND
14 NORTHEAST FIRST AVENUE, SUITE 502
MIAMI, FL 33132
EBELONY@TBG-LAW.COM

ERIGENE BELONY, ESQ.
Attorney for Defendant PHARA M. RAYMOND, AS PERSONAL GUARANTOR
14 NORTHEAST FIRST AVENUE, SUITE 502
MIAMI, FL 33132
EBELONY@TBG-LAW.COM

NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUNT # 1613593
C/O GLEN MATHER REGISTERED AGENT
280 S RONALD REAGAN BLVD. SUITE 200
LONGWOOD, FL 32750

UNKNOWN SPOUSE OF MARJORIE LAFOREST
511 MAPLE ST #1
BROOKLYN, NY 11225

UNKNOWN SPOUSE OF MARJORIE LAFOREST
14720 NE 2ND COURT
MIAMI, FL 33161

UNKNOWN SPOUSE OF MARJORIE LAFOREST
3175 WESTERN BLVD #1
BALDWIN, NY 11510

HOUSE TUR INVESTMENTS, LLC, AS SERVICING AGENT FOR SGIA RESIDENTIAL BRIDGE
LOAN VENTURE LP
C/O BRITTEN L. COLE
20619 W. CHESTNUT CIRCLE
PORTER RANCH, CA 91326

UNKNOWN TENANT #1 N/K/A RICHARD MUELLER
668 NW 116TH TERRACE
MIAMI, FL 33168

<div style="margin-left:40%">

GREENSPOON MARDER LLP
TRADE CENTRE SOUTH, SUITE 700
100 WEST CYPRESS CREEK ROAD
FORT LAUDERDALE, FL 33309
Telephone:  (954) 343 6273
Hearing Line:  (888) 491-1120
Facsimile:  (954) 343 6982
Email 1: Michele.Clancy@gmlaw.com
Email 2: gmforeclosure@gmlaw.com
By:
  /s/_____ *Michele R. Clancy* _____
Florida Bar No. 498661
Michele R. Clancy, Esq.

</div>

65834.0085

Filing # 241754599 E-Filed 02/13/2026 04:51:44 PM

*EX. C*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE NO. 2023-003633-CA-01

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY AS
TRUSTEE FOR FIDELITY & GUARANTY LIFE
MORTGAGE TRUST 2018-1,
     Plaintiff,
vs.

668 NW 116TH TER MIAMI, LLC, *et. al.,*
     Defendant(s).
_____/

## AMENDED NOTICE OF HEARING
To correct the Zoom information

### (PLAINTIFF'S COUNSEL/CO-COUNSEL WILL BE APPEARING VIA ZOOM)

Zoom Link: https://zoom.us/j/96460505482 [zoom.us]
Zoom Meeting ID: 96460505482
Zoom Dial-In Number: +1 786-635-1003

    NOTICE IS HEREBY GIVEN that on **FEBRUARY 18, 2026**, at **9:30 A.M.**, the undersigned, as attorneys for Plaintiff in the above entitled cause, will call up for hearing before the **HONORABLE JUDGE VIVIANNE DEL RIO**, the following:

**MOTION FOR SUMMARY FINAL JUDGMENT IN FORECLOSURE, BREACH OF GUARANTY AND MORTGAGE CANCELLATION WITH ASSESSMENT OF ATTORNEY'S FEES AND COSTS**

    If applicable, I certify that an effort to settle this matter has been made, or will, upon the defendant's request, be made.

    Please be governed accordingly.

### CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that all parties are pro se and/or have disclaimed any interest in this matter.

/S/ *Michele R. Clancy*

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the _13_ day of February, 2026 to all parties on the below service list. Service was by email to all parties not exempt from Rule 2.516 Fla. R. Jud. Admin. at the indicated email address on the service list, and by U.S. mail to any other parties.

668 NW 116TH TER MIAMI, LLC
668 NW 116TH TERRACE

MIAMI, FL 33168

PHARA M. RAYMOND, AS PERSONAL GUARANTOR
668 NW 116TH TERRACE
MIAMI, FL 33168

NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUTN #1613593
C/O GLEN MATHER
280 S RONALD REAGAN BLVD., SUITE 200
LONGWOOD, FL 32750

UNKNOWN SPOUSE OF MARJORIE LAFOREST
511 MAPLE STREET #1
BROOKLYN, NY 11225

UNKNOWN SPOUSE OF MARJORIE LAFOREST
14720 NE 2ND COURT
MIAMI, FL 33161

UNKNOWN SPOUSE OF MARJORIE LAFOREST
3175 WESTERN BLVD #1
BALDWIN, NY 11510

HOUSE TUR INVESTMENTS, LLC AS SERVICING AGENT FOR SGIA RESIDENTIAL BRIDGE LOAN
VENTURE LP
C/O BRITTEN L. COLE
20619 W CHESTNUT CIRCLE
PORTER RANCH, CA 91326

UNKNOWN TENANT #1 NKA RICHARD MUELLER
668 NW 116 TERRACE
MIAMI, FL 33168

PIERRE-RICHARD RAYMOND AS TRUSTEE OF THE 668 NW 166TH TERRACE LAND TRUST, CREATION
DATE APRIL 12, 2028
300 NW 144TH STREET
MIAMI, FL 33138
MPRCONSTRUCTIONINC@GMAIL.COM

GREENSPOON MARDER LLP
TRADE CENTRE SOUTH, SUITE 700
100 WEST CYPRESS CREEK ROAD
FORT LAUDERDALE, FL 33309
Telephone:  (954) 343-6273
Hearing Line:  (888) 491-1120
Facsimile:  (954) 343-6982
Email 1: Michele.Clancy@gmlaw.com
Email 2: gmforeclosure@gmlaw.com
By: _/s/____ *Michele R. Clancy* ____
Michele R. Clancy, Esq.
Florida Bar No. 498661

**IMPORTANT**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Judicial Circuit Court's ADA Coordinator 175 NW 1ST AVENUE, SUITE 2702, MIAMI, FL 33128, 305-349-7175 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

65834.0085/