UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 26-CV-21063-EIS

Lower Court No.: 2023-003633-CA-01

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR
FIDELITY & GUARANTY LIFE MORTGAGE TRUST 2018-1,
        Plaintiff,

vs.

668 NW 116TH TER MIAMI, LLC, & PHARA M. RAYMOND
        Defendants,

_____/

### PLAINTIFF'S RESPONSE TO THE NOTICE OF REMOVAL AND EMERGENCY REQUEST TO RETURN CASE AND IMPOSE SANCTIONS

Plaintiff, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY

BUT SOLELY AS TRUSTEE FOR FIDELITY & GUARANTY LIFE MORTGAGE TRUST 2018-1, by and

through its undersigned counsel hereby files this Response to the Notice of Removal and

Emergency Request to Return Case and Impose Sanctions  for the Notice filed by Defendant,

668 NW 116TH TER MIAMI, LLC ("LLC") and in support states as follows:

1.  A notice of removal was filed by Pierre Richard on behalf of LLC.  Mr. Richard is not

    an attorney.

2.  A foreclosure action was filed on February 28, 2023 by Plaintiff.

3.  LLC was served with the original complaint on March 27, 2023.  A true and accurate

    copy of the return of service is attached hereto as Exhibit "A."

4.  An amended complaint was filed and a copy served on counsel for the LLC on

    September 18, 2023.

5. LLC filed an answer and affirmative defenses in the foreclosure action on March 17, 2024.

6. An order granting the withdrawl of Counsel for the LLC was entered on July 30, 2025.

7. On January13, 2026 Plaintiff filed a notice of hearing setting its motion for summary judgment ("MSJ") for hearing at 9:30 am on February 18, 2026.

8. On February 17, 2026 a notice of appearance was filed by attorney Gabriel Gonzalez on behalf of Defendants LLC and  Phara M. Raymond.

9. The summary judgment hearing was held on February 18, 2026 on the lower Court's 9:30 docket.  Attorney Gonzalez attended this hearing on behalf of his clients and requested a continuance of the MSJ hearing as he had just been retained.  Plaintiff's counsel pointed out that Mr. Gonzalez was now the third attorney for LLC and this hearing had been noticed for over a month.  The court sided with Plaintiff and proceeded with the MSJ hearing.  At the close of argument by the parties the court granted Plaintiff's MSJ and provided a sixty (60) day foreclosure sale date as to allow Defendants additional time to try and resolve this matter.  Plaintiff was also instructed to submit a proposed final judgment to the court for entry.  Plaintiff submitted the proposed judgment as instructed by the court and on February 23, 2026 it was signed and a sale date of April 20, 2026 was set.

10. After the MSJ hearing was held Plaintiff learned that a notice of removal had been filed by Pierre Richard on behalf of LLC.

11. The notice of removal was filed on February 18, 2026 at 9:17 a.m.  The Notice of filing the removal was filed in the lower court at 9:38 a.m. after the MSJ hearing had started.

12. Upon learning that the removal was filed counsel for Plaintiff had a phone conference with counsel for LLC who was unaware that a removal had been filed.  Upon conclusion of the call counsel for LLC was provided copies of the documents related to the improper removal and he was requested to discuss this matter with his client.  Further, it was pointed out that removal itself was not only improper, but it made misrepresentations as this is a commercial loan foreclosure and the references to violations of Regulation X were not even applicable.

13. To date the improper notice of removal has not been withdrawn by LLC nor has it been rejected by the Court.

14. On its face the removal is improper as it was filed by a non-attorney on behalf of the LLC.  Not to mention LLC was represented by counsel at the time.  The notice of removal was filed for no other reason, but to further delay this matter and prevent Plaintiff from advancing its case.

15. Further, per 28 U.S. Code § 1446 (b)(2)(B) a notice of removal is to be filed within thirty (30) days after receipt of service.  The subject notice of removal was filed nearly three years after service on LLC.  At the time the notice was filed the LLC had been represented by three (3) separate attorneys.  None of the attorneys had previously tried to remove the case to Federal Court.

16. The notice of removal is not proper.  Plaintiff requests that the court enter an order returning the case to the trial Court and rejecting the removal nunc pro tunc to February 18, 2026 at 9:20 a.m. as to allow the final judgment to stand and the sale proceed.

17. Further, Plaintiff requests that LLC and Pierre Richard, personally, are sanctioned by this Court not only for filing the improper removal, but not dismissing it once the improper filing was brought to the attention of counsel for LLC.

18. If this court cannot enter an order rejecting the notice of removal nunc pro tunc Plaintiff will need to cancel its foreclosure sale, reset its motion for summary judgment after obtaining updated affidavits, wait the 50 days from the filing of the affidavits before a hearing held, prepare for and attend another MSJ hearing, then re-notice/run publication for a new sale date once judgment is entered yet again.  This will cause at least another four month delay and force Plaintiff to incur additional fees and costs in its case.  Plaintiff will be severely prejudiced. Plaintiff requests that the Court take this into consideration when determining the amount, if any, sanctions are to be awarded.

WHEREFORE, Plaintiff, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR FIDELITY & GUARANTY LIFE MORTGAGE TRUST 2018-1 requests that the court reject the notice of removal, return the case to the lower Court, award sanctions and for such other and further relief as the Court deems appropriate.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the _15__ day of April, 2026 to all parties on the below service list. Service was by email to all parties not exempt from Rule 2.516 Fla. R. Jud. Admin. at the indicated email address on the service list, and by U.S. mail to any other parties.

JOSHUA LISZT, ESQ.
ATTORNEY FOR 668 NW 116TH TER MIAMI, LLC
LISZT Law PA
3200 N. MILITARY TRAIL, SUITE 110
BOCA RATON, FL 33431
email@lisztlawpa.com
nick@lisztlawpa.com

GABRIEL GONZALEZ
ATTORNEY FOR 668 NW 116TH TER MIAMI, LLC & PHARA M. RAYMOND
900 SHERIDAN STREET #95
HOLLYWOOD, FLORIDA 33024
Gabriel@GTLawyers.com

NUVIEW IRA AKA NUVIEW IRA, INC. FBO MACK MAJOR ACCOUTN #1613593
C/O GLEN MATHER
280 S RONALD REAGAN BLVD., SUITE 200
LONGWOOD, FL 32750

UNKNOWN SPOUSE OF MARJORIE LAFOREST
511 MAPLE STREET #1
BROOKLYN, NY 11225

UNKNOWN SPOUSE OF MARJORIE LAFOREST
14720 NE 2ND COURT
MIAMI, FL 33161

UNKNOWN SPOUSE OF MARJORIE LAFOREST
3175 WESTERN BLVD #1
BALDWIN, NY 11510

HOUSE TUR INVESTMENTS, LLC AS SERVICING AGENT FOR SGIARESIDENTIAL BRIDGE
LOAN VENTURE LP
C/O RITTEN L. COLE
20619 W CHESTNUT CIRCLE
PORTER RANCH, CA 91326

UNKNOWN TENANT #1 NKA RICHARD MUELLER
668 NW 116 TERRACE
MIAMI, FL 33168

PIERRE-RICHARD RAYMOND AS TRUSTEE OF THE 668 NW 166TH TERRACE LAND
TRUST, CREATION DATE APRIL 12, 2028

300 NW 144TH STREET
MIAMI, FL 33138
MPRCONSTRUCTIONINC@GMAIL.COM
GREENSPOON MARDER LLP

TRADE CENTRE SOUTH, SUITE 700
100 WEST CYPRESS CREEK ROAD
FORT LAUDERDALE, FL 33309
Telephone:  (954) 343 6273
Hearing Line:  (888) 491-1120
Facsimile:  (954) 343 6982
Email 1: michele.clancy@gmlaw.com
Email 2: gmforeclosure@gmlaw.com
By:       ___/s/____ *Michele R. Clancy* _____
Michele R. Clancy, Esq.
Florida Bar No. 498661