UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21063-CIV-SANCHEZ

U.S. BANK TRUST NATIONAL
ASSOCIATION, *Not in Its Individual Capacity*
*But Solely as Trustee for Fidelity & Guaranty*
*Life Mortgage Trust 2018-1*,

      Plaintiff,

v.

668 NW 116th Ter Miami, LLC, *et al.*,

      Defendants.

_____/

**ORDER DENYING (WITHOUT PREJUDICE)
PLAINTIFF'S MOTION TO REMAND AND IMPOSE SANCTIONS**

This cause is before the Court on Plaintiff's Response to the Notice of Removal and Emergency Request to Return Case and Impose Sanctions, ECF No. 4.[1]

## I.      BACKGROUND

This case began in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as Case No. 2023-003633-CA-01.  *See* ECF No. 1 at 5-15; ECF No. 4-1.  A Verified Amended Complaint for Foreclosure and Breach of Guaranty was filed in that case on September 18, 2023 against six defendants, including Defendants 668 NW 116th Ter Miami, LLC and Phara M. Raymond.  ECF No. 1 at 5-15.  On April 30, 2024, Plaintiff filed a Motion for Summary Final Judgment in Foreclosure, Breach of Guaranty and Mortgage Cancellation with

---

[1] Although Plaintiff titles its motion as an "Emergency Request to Return Case and Impose Sanctions," Plaintiff fails to comply with the requirements of Local Rule 7.1(d)(1).  Plaintiff further fails to explain why its motion, filed nearly 60 days after Plaintiff's counsel was notified via CM/ECF that the Notice of Removal had been filed, constitutes an emergency given that "[m]otions are not considered emergencies if the urgency arises because of the attorney's or party's own dilatory conduct."  S.D. Fla. L.R. 7.1(d)(1).

Assessment of Attorney's Fees and Costs in that state court action, ECF No. 1 at 15-19, and the motion was set for hearing on February 18, 2026 at 9:30 a.m., *id.* at 20-22.  However, at 9:09 a.m. on February 18, 2026, Pierre Richard Raymond, purporting to act on behalf of Defendant 668 NW 116th Ter Miami, LLC as its owner, filed a notice of removal in this Court.  ECF No. 1.  Plaintiff now asks the Court to remand "the case to the [state] trial Court and reject[] the removal nunc pro tunc to February 18, 2026 at 9:20 a.m.," arguing that the notice of removal was improper because "it was filed by a non-attorney on behalf of the LLC," which was represented by counsel at that time, and because it was "filed nearly three years after service" on Defendant 668 NW 116th Ter Miami, LLC rather than within the 30-day period established by 28 U.S.C. § 1446(b)(2)(B).  ECF No. 4 at 3-4.

## II.   ANALYSIS

### A.  **Non-Compliance with Pre-Filing Conferral Requirements**

Under the Local Rules of this Court, prior to filing any motion in a civil case (other than specifically-excepted motions that are not involved here):

> counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.

S.D. Fla. L.R. 7.1(a)(3).  Counsel for the movant is also required to include a written certification in the motion addressing the conferral requirement.  *Id.*  Failure to comply with these requirements furnishes grounds for the denial of the motion.  *Id.*

Here, Plaintiff's Response to the Notice of Removal and Emergency Request to Return Case and Impose Sanctions is a motion to remand and impose sanctions, *see* ECF No. 4 at 4 (requesting that the Court "reject the notice of removal, return the case to the lower [c]ourt, [and] award sanctions"); *see also* 28 U.S.C. § 1447 (prescribing a "motion to remand" to challenge removal), and it is therefore subject to the conferral requirements of Local Rule 7.1(a)(3).  The

present motion, however, does not state anywhere that counsel for Plaintiff conferred, or made reasonable effort to confer, with Defendant in an effort "to resolve by agreement the issues to be raised in the motion." *See* S.D. Fla. L.R. 7.1(a)(3); *see generally* ECF No. 4.  While Plaintiff claims that its counsel spoke to counsel for Defendant 668 NW 116th Ter Miami, LLC and that Plaintiff's counsel "pointed out that removal itself was not only improper, but that [the notice of removal] made misrepresentations" and referred to an inapplicable regulation, ECF No. 4 at 3, that general discussion, which occurred "upon [Plaintiff's counsel] learning that the removal was filed" on February 18, 2026, *id.* at 3; *see* ECF No. 1 (providing notice of the removal on February 18, 2026), does not constitute good faith conferral to resolve by agreement the issues that were subsequently raised—nearly two months later—in a motion to remand that Plaintiff never asserts its counsel discussed with anyone.  Plaintiff's counsel's failure to properly confer or to certify compliance with the conferral requirements of Local Rule 7.1(a)(3) constitutes sufficient grounds for denying Defendant's motion.  *See* S.D. Fla. L.R. 7.1(a)(3) ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion . . . ."); *see also, e.g.*, *Furno v. JPMorgan Chase Bank, N.A.*, No. 18-61921, 2018 WL 6620318, at *3 (S.D. Fla. Nov. 6, 2018) (denial of motion to remand warranted for plaintiff's counsel's failure to comply with conferral requirements of Local Rule 7.1(a)(3)), *report and recommendation adopted*, 2018 WL 6620131 (S.D. Fla. Nov. 30, 2018); *Silver Creek Farms, Ltd. Liab. Co. v. Fullington*, No. 16-80353-CV, 2018 WL 1413064, at *3 (S.D. Fla. Mar. 20, 2018) ("Failure to confer or to show a good-faith attempt to confer, by itself, constitutes grounds for the motion to be denied."). Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**, and Plaintiff will be permitted to refile its motion, if necessary, after complying with the conferral requirements set forth in Local Rule 7.1(a)(3) and after properly certifying compliance with those conferral requirements.

**B.  Issues to Be Addressed in Any Re-Filed Motion to Remand**

Because Plaintiff's motion has furnished no authority other than a single citation to 28 U.S.C. § 1446(b)(2)(B) in support of the relief that Plaintiff seeks, if Plaintiff chooses to re-file a motion to remand after engaging in the conferral required by Local Rule 7.1(a)(3), Plaintiff should address the following issues in the memorandum of law required to accompany its motion under Local Rule 7.1(a)(1):

(1) Whether, given 28 U.S.C. § 1447(c), the Court has authority to remand this case to state court because "it was filed by a non-attorney on behalf of the LLC" and because it was "filed nearly three years after service" on Defendant 668 NW 116th Ter Miami, LLC rather than within the 30-day period established by 28 U.S.C. § 1446(b)(2)(B), where Plaintiff did not file a motion to remand raising these defects until more than 50 days after the notice of removal was filed.  *See, e.g.*, *Wilson v. Hearos, LLC*, 128 F.4th 1253 (11th Cir. 2025) (holding that non-party's filing of a notice of removal was a procedural defect subject to § 1447(c)'s 30-day rule and was waived when plaintiff failed to file a timely motion raising the procedural defect); *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827 (11th Cir. June 2, 2017).

(2) Whether, if a remand is warranted under the circumstances present in this case, the Court has authority to grant Plaintiff's request that the Court "enter an order . . . rejecting the removal nunc pro tunc to February 18, 2026 at 9:20 a.m. as to allow the final judgment to stand and the sale proceed."  ECF No. 4 at 4; *see* 28 U.S.C. § 1446(d) (providing that, upon removal, "the State court shall proceed no further unless and until the case is remanded"); *see also, e.g.*, *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 64-65 (2020) (federal district court's order remanding a case *nunc pro tunc* could not retroactively validate orders entered by Puerto Rico trial court after the notice of

4

removal was filed, because "[a]t that time, the [Puerto Rico trial court] had no jurisdiction over the proceeding"); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) (explaining that, "after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case" and that "subsequent proceedings in state court on the case are void *ab initio*" (citing *Steamship Co. v. Tugman*, 106 U.S. 118, 122 (1882))).

(3) Because it is unclear from the Notice of Removal whether the Court has subject matter jurisdiction over this action based on diversity of citizenship, the Plaintiff should also address:

    a. The citizenship of the Plaintiff given that Plaintiff, U.S. Bank Trust National Association, is a citizen of both the state in which it has been incorporated and the state in which it has its principal place of business, *see* 28 U.S.C. § 1332(c)(1), and that it is suing solely as trustee for Fidelity & Guaranty Life Mortgage Trust 2018-1, a trust/entity whose legal character and citizenship have not been explained or otherwise established.  *See, e.g.*, *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016).

    b. The citizenship of Defendant 668 NW 116th Ter Miami LLC, given that "a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

    c. The citizenship of the other parties in this action, given that "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's Response to the Notice of Removal and Emergency Request to Return Case and Impose Sanctions, *i.e.*, Plaintiff's motion to remand and impose sanctions, ECF No. 4, is **DENIED WITHOUT PREJUDICE**.  Plaintiff may refile its motion, if necessary, only after complying with the conferral requirements set forth in Local Rule 7.1(a)(3) and after properly certifying compliance with those conferral requirements.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 16th day of April 2026.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:      Counsel/Parties of Record

Joshua Liszt, Esq. (via email: email@lisztlawpa.com)
Gabriel Gonzalez, Esq. (via email: gabriel@gtlawyers.com)

Pierre Richard Raymond
668 NW 116th Terrace
Miami, FL  33168
Email: mprconstructioninc@gmail.com
(Via email and U.S. Mail)