UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

U.S. BANK TRUST NATIONAL
ASSOCIATION NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE
FOR FIDELITY & GUARANTY LIFE
MORTGAGE TRUST 2028-1
     Plaintiff(s),

vs.

668 NW 116TH TER MIAMI, LLC, and
PHARA M. RAYMOND, as Personal
Guarantor, et al.,
     Defendant(s).
_____/

CASE NO.: 1:26-cv-21063-EIS

**RESPONSE TO ORDER TO SHOW CAUSE AND ORDER
REQUIRING DEFENDANT 668 NW 116TH TER MIAMI, LLC
TO APPEAR THROUGH COUNSEL**

COMES NOW Defendant 668 NW 116TH TER MIAMI, LLC, who by and through undersigned counsel, files this Response to this Court's Order to Show Cause and to Appear Through Counsel, and states as follows:

This Court's ORDER TO SHOW CAUSE AND ORDER REQUIRING DEFENDANT 668 NW 116TH TER MIAMI, LLC TO APPEAR THROUGH COUNSEL raises multiple issues to be addressed or otherwise established by the Defendant pursuant to its insufficient Notice of Removal of the subject case from state court. First, the Notice of Removal filed by Pierre Richard Raymond on behalf of Defendant 668 NW 116th Ter Miami, LLC asserts that "this Court has subject matter jurisdiction under 28 U.S.C.§ 1332" because "there is complete diversity between the Plaintiff and the Defendant in this case. In support of that assertion, the Notice of Removal alleges that the Plaintiff, U.S. Bank Trust National Association, not in Its Individual Capacity But Solely as Trustee for Fidelity & Guaranty Life Mortgage Trust 2018-1, "is a citizen of the State of Minnesota". It further alleges that Defendant 668 NW 116th Ter

Miami, LLC "is a citizen of Florida." However, this Court states that based on the limited information set forth in the Notice of Removal, the Court cannot determine whether it in fact has subject matter jurisdiction for the following reasons:

Although the Notice of Removal alleges that the Plaintiff "is a citizen of the State of Minnesota," a corporation is a citizen of both the state in which it has been incorporated and the state in which it has its principal place of business, see 28 U.S.C. § 1332(c)(1), and national banking associations are "deemed citizens of the States in which they are respectively located," 28 U.S.C. § 1348. Defendant states that because U.S. Bank Trust National Association is not a party in its individual capacity, but instead solely as Trustee for Fidelity & Guaranty Life Mortgage Trust 2018-1, the controlling citizenship is that of U.S. Bank Trust National Association as trustee, not the mortgage trust. Federal courts apply 28 U.S.C. § 1348 and the Supreme Court rule from Wachovia Bank v. Schmidt, meaning a national bank is a citizen of the state listed as its "main office" in its articles of association. Therefore, in most foreclosure pleadings and jurisdictional allegations, you will see Plaintiff treated as a national banking association organized under the laws of the United States and as a citizen/resident of the State of Delaware.

The next issue raised by this Court is that "Diversity jurisdiction requires complete diversity; meaning every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). So while the Notice of Removal states that Defendant 668 NW 116th Ter Miami, LLC "is a citizen of Florida," "a limited liability company is a citizen of any state of which a member of the company is a citizen," Rolling Greens, 374 F.3d at 1022. Therefore, in order to satisfy its burden of establishing subject matter jurisdiction based on diversity, Defendant as the removing party "must list the citizenships of all the members of the limited liability company." Rolling Greens, 374 F.3d at 1022. Defendant hereby states that its sole member is a resident of the state of Florida thus satisfying the burden of establishing subject matter jurisdiction for Defendant 668 NW 116th Ter Miami, LLC based on diversity.

Lastly, "[d]iversity jurisdiction requires complete diversity" such that "every plaintiff must be diverse from every defendant," Triggs, 154 F.3d at 1287. While Defendant's Notice of Removal fails to even mention the citizenship of any Defendant other than the removing party, 668 NW

116th Ter Miami, LLC, the other Defendant in this case, PHARA M. RAYMOND, is also a resident and citizen of the state of Florida.

As a result of the foregoing, Defendant 668 NW 116th Ter Miami, LLC, on whose behalf the Notice of Removal in this case was filed, has cured the defects in the jurisdictional allegations contained in the Notice of Removal, ECF No.1, and has shown cause as to why this case should not be remanded for lack of subject matter jurisdiction due to the failure to meet the diversity of citizenship requirements of 28 U.S.C. § 1332.

It is also noted here for the Court that Defendant 668 NW 116th Ter Miami, LLC, a Florida limited liability company, is represented by counsel effective April 23, 2026 as required by the Court's order.

Respectfully submitted,

Liszt Law, PA
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T 561-400-9053
E email@lisztlawpa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 1st day of May, 2026, to the parties identified on the following service list:

Counsel/Parties of Record

Michelle Clancy, Esq.

Liszt Law, PA
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T 561-400-9053
E email@lisztlawpa.com